JOHN PATRICK PETRULLO, ESQ. (SBN 134074)
KAILIN HO, ESQ. (SBN 258174)
RONALD F. GARI, ESQ. (SBN 181058)
**PETRULLO, APC**
Pacific Corporate Towers
222 N. Pacific Coast Hwy., Suite 1690
El Segundo, CA 90245
Telephone: (213) 627-0400/Fax: (213) 627-0402
Email: *maindesk@petrullolaw.com*

-    IN ASSOCIATION WITH

JENNIFER STEEVE, ESQ. (SBN 308082
MADELINE HOOKS, ESQ. (SBN363768)
**RILEY SAFER HOLMES & CANCILA LLP**
100 Spectrum Center Drive, Suite 650
Irvine, California 92618
Office: 949.359.5500
Fax: 949.359.5501
E-mail: jsteeve@rshc-law.com
         mhooks@rshc-law.com
         docketdept@rshc-law.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| GAIL PARRISH by and through Successor in Interest, Monica Parrish; DAVID RODRIGUEZ, by and through Successor in Interest Beverly Rodriguez; JOAN ASHABRANER, by and through her Successor in Interest Susan Ashabraner;<br><br>        Plaintiffs,<br><br>vs.<br><br>GORDON LANE HEALTHCARE, LLC; SUN MAR MANAGEMENT SERVICES; IRVING BAUMAN; FRANK JOHNSON; ELI MARMUR; WILLIAM PRESNELL and DOES 1-150, inclusive,<br><br>        Defendants. | CASE NO. 8:22-CV-01790-WLH-KES (Lead)<br>CASE NO. 8:22-CV-00195-WLH-KES<br><br>*[Assigned to the Honorable Wesley L. Hsu – Dept. 9B]*<br><br>(Orange County Superior Court Case No. 30-2022-01276234-CU-MC-CXC)<br><br>**NOTICE OF MOTION AND MOTION TO AMEND SCHEDULING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: May 8, 2026<br>Time: 1:30 pm<br>Courtroom: Dept. 9B |

PETRULLO, APC
EL SEGUNDO
CORPORATE TRIAL LAWYERS

1

NOTICE OF MOTION AND MOTION TO AMEND SCHEDULING ORDER

ERMA PARKER, by and through her Attorney in Fact, BRUCE PARKER,

Plaintiff,

vs.

COUNTRY OAKS PARTNERS, LLC; SUN MAR MANAGEMENT SERVICES; and DOES 1-150, inclusive,

Defendants.

**Action Filed:** August 17, 2019
**Trial Date:** November 9, 2026

## NOTICE OF MOTION AND MOTION TO AMEND SCHEDULING ORDER

**NOTICE IS HEREBY GIVEN THAT** on May 8, 2026, at 1:30 pm in Department 9B of the above-entitled Court, or as soon thereafter as the matter may be heard, Defendants Gordon Lane Healthcare, LLC; Country Oaks Partners, LLC; Sun Mar Management Services; Irving Bauman; Frank Johnson; Eli Marmur; and William Presnell (collectively, "Defendants") hereby move this Court for an order amending the scheduling order in the above-captioned consolidated action.

Specifically, Defendants respectfully request that the Court continue the fact discovery cutoff, pretrial conference date, trial date, and related deadlines by eight months, as set forth below.

This Motion is made pursuant to Federal Rule of Civil Procedure 16(b)(4), which provides that a scheduling order "may be modified only for good cause and with the judge's consent." As set forth more fully below, good cause exists to amend the scheduling order because, despite exercising diligence, the parties cannot complete the remaining fact discovery within the current discovery cutoff of April 17, 2026: (1) Plaintiffs have recently served extensive document requests that will require substantial time and effort for Defendants to search their records and prepare voluminous responsive documents, and Defendants have outstanding written discovery propounded on Plaintiffs; (2) Magistrate Scott is still in the middle of resolving three ongoing discovery disputes, and Defendants anticipate

NOTICE OF MOTION AND MOTION TO AMEND SCHEDULING ORDER

that Plaintiffs will pursue a separate motion to compel on the most recently propounded discovery; (3) the class member opt-out deadline recently passed on March 16, 2026, meaning that the parties have just now been able to confirm the identities of the class members who remain in the case, and Defendants are in the process of determining which class members require depositions and/or written discovery; (4) the recent retention of a new expert requires additional time to ensure the expert has sufficient fact discovery on which to form an opinion; and (5) Defendants' lead counsel recently announced her departure from her current law firm, effective April 10, 2026, requiring Defendants' new lead counsel to close out discovery and ensure a fulsome factual record has been developed for summary judgment and/or trial.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the Declaration of Kailin Ho filed concurrently herewith, the pleadings and records on file in this action, and any argument the Court may entertain.

Dated: April 6, 2026

Respectfully submitted,

**PETRULLO, APC**

By: /s/ John Patrick Petrullo

JOHN PATRICK PETRULLO, ESQ.
RONALD F. GARI, ESQ.
KAILIN HO, ESQ.
Attorneys for Defendants

**RILEY SAFER HOLMES & CANCILA LLP**

By: _____

JENNIFER STEEVE, ESQ.
MADELINE HOOKS, ESQ.
Attorneys for Defendants

NOTICE OF MOTION AND MOTION TO AMEND SCHEDULING ORDER

PETRULLO, APC
EL SEGUNDO
CORPORATE TRIAL LAWYERS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This consolidated, certified class action—on behalf of current and former residents of two skilled nursing facilities operated by Defendants—alleges that Defendants inadequately staffed the facilities in violation of California Health & Safety Code § 1430(b) and the Consumers Legal Remedies Act ("CLRA").  This Court is familiar with the lengthy procedural history of this case, which ultimately resulted in the Court granting Plaintiffs' third motion for certification of four subclasses on November 6, 2025.  (DE-143.)  A constellation of factors now compels Defendants to seek an amendment to the scheduling order.

The current scheduling order—entered the day after class certification—sets a fact discovery cutoff of April 17, 2026, a pretrial conference on October 23, 2026, and a trial date of November 9, 2026.  Despite the parties' mutual diligence in discovery, the following case developments necessitate an extension to the fact discovery cutoff (which Plaintiffs do not oppose in principle):

- (1) Defendants continue to investigate, review, and produce voluminous numbers of documents in response to recent, extensive discovery requests from Plaintiffs;

- (2) Three unresolved discovery disputes remain pending before Magistrate Scott, and the parties anticipate Plaintiff filing a new motion to compel further fact discovery, none of which can be resolved before the April 17 cutoff despite the parties' diligence;

- (3) Since the opt-out deadline just passed on March 16, 2026, the parties are still engaging in discovery to confirm the class members, and Defendants will be filing a motion to compel a sampling of absent class member depositions or, in the alternative, a Court-approved questionnaire to prepare defenses for summary judgment regarding the CLRA claim and/or the Section 1430(b) claim;

PETRULLO, APC
EL SEGUNDO
CORPORATE TRIAL LAWYERS

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO AMEND SCHEDULING ORDER

- (4) In March 2026, Defendants retained a new administrator expert who is currently reviewing the fact discovery to determine whether the new expert has sufficient facts on which to rely or if additional fact discovery is needed; and

- (5) Defendants' lead counsel, Kailin Ho, recently announced her departure from her current law firm, effective April 10, 2026, which requires Defendants' new lead counsel to familiarize themselves with the factual and legal issues, assess what discovery has been completed and what remains, and then execute on any outstanding discovery obligations within less than two weeks.

Defendants therefore respectfully request that the Court amend the Scheduling Order to continue the fact discovery deadline to December 17, 2026, to allow the parties adequate time to complete fact discovery.  Extending the fact discovery deadline would require corresponding extensions to the other deadlines, so Defendants propose the following amended schedule:

| Current Date | Event | Proposed Amended Date |
| --- | --- | --- |
| April 17, 2026 | Fact Discovery Cutoff | December 17, 2026 |
| October 23, 2026 | Pretrial Conference | June 25, 2027 |
| November 9, 2026 | Trial Date | July 12, 2027 |

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified "for good cause and with the judge's consent."  The good cause standard primarily considers the diligence of the party seeking the modification. *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 (9th Cir. 2007).  Good cause exists where the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension."  Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.); *see also Noyes*, 488 F.3d at 1174.  "[A]lthough the existence or degree of

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO AMEND SCHEDULING ORDER

PETRULLO, APC
EL SEGUNDO
CORPORATE TRIAL LAWYERS

prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Thompson v. BMW of N. Am., LLC*, 334 F.R.D. 230, 233 (C.D. Cal. 2020) (granting motion to amend scheduling order).

Courts regularly grant continuances of scheduling orders where, as here, the complexity of the case or the volume of discovery warrants additional time and the moving party has been diligent. *See, e.g.*, *C.F. v. Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d 1190, 1193–94 (C.D. Cal. 2009), *aff'd*, 654 F.3d 975, 984–85 (9th Cir. 2011); *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 688 (E.D. Cal. 2009). This is particularly true in class action litigation, where discovery is inherently more complex and extensive. *See* Manual for Complex Litigation, Fourth, § 21.14 (discussing the intensive nature of discovery in class action cases).

## III.   ARGUMENT

### A.   Good Cause Exists to Amend the Scheduling Order Because the Parties Cannot Complete Discovery Before the Current Cutoff.

#### 1.   The Parties' Mutual Extensive Document Requests Require Substantial Time to Complete.

From December 2025 to March 2026, Plaintiffs propounded numerous sets of additional extensive document requests on various Defendants. (Declaration of Kailin Ho ("Ho Dec.") ¶ 2.) In those three months alone, Plaintiffs served Requests for Production of Documents, Sets Five, Six, Seven, and Eight on Defendant Gordon Lane Healthcare, LLC; Requests for Production of Documents, Sets Five, Six, Seven, and Eight on Defendant Country Oaks Partners, LLC; and Requests for Production of Documents, Sets Four and Five, and Special Interrogatories on Defendant Sun Mar Management Services. (*Id.*)

These requests seek voluminous categories of documents spanning years of facility operations, including staffing records, payroll records, policies and procedures, budgets, census data, regulatory forms, resident care documentation,

PETRULLO, APC
EL SEGUNDO
CORPORATE TRIAL LAWYERS

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO AMEND SCHEDULING ORDER

and corporate records, among many other categories. (*Id.*, ¶ 4.) The breadth and scope of these requests are substantial—many individual requests require the search and collection of records across the entire class period, beginning as early as August 17, 2019, for Gordon Lane, and December 22, 2019, for Country Oaks, through the present. *(Id.)*

Responding to these requests has required Defendants to conduct extensive searches of their facilities' records, including both electronic systems and paper files. (*Id.*, ¶ 5.) As the corporate designee depositions recently confirmed, Defendants' records are maintained across multiple systems, and the collection, review, and production of responsive documents is a time-intensive process. (*Id.*, ¶ 6.) Defendants have been diligently responding to discovery throughout this litigation and have already produced tens of thousands of pages of documents. (*Id.*, ¶ 7.) However, the most recent sets of requests are particularly extensive, and Defendants cannot reasonably complete the search, collection, review, and production of all responsive documents before the current April 17, 2026 discovery cutoff—a deadline that is just weeks away. (*Id.*, ¶ 8.)

In addition to the obligation to respond to Plaintiffs' extensive discovery, Defendants served additional Requests for Production of Documents, Special Interrogatories, and Requests for Admission on Plaintiffs on January 5, 2026, and March 20, 2026. (*Id.*, ¶ 9–10.) These requests seek documents and writings supporting Plaintiffs' core allegations, including documents supporting their claims that Defendants' facilities were chronically understaffed and documents reflecting the adequate number of direct caregivers required on each day during the class period. Defendants require adequate responses to their written discovery before fact discovery closes to prepare their defenses and, where necessary, to take follow-up depositions based on those responses. The current discovery cutoff does not provide sufficient time for Defendants to receive these responses, review them, and take any follow-up action that may be warranted. (*Id.*, ¶ 11.)

PETRULLO, APC
EL SEGUNDO
CORPORATE TRIAL LAWYERS

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO AMEND SCHEDULING ORDER

***2.  Magistrate Scott Is Still Working Through Several Ongoing Discovery Disputes and More Are Brewing.***

As the written discovery has evolved, the parties have met and conferred and worked cooperatively to narrow various disputes.  However, three discovery disputes—one raised by Defendants and two raised by Plaintiffs—still remain unresolved and are pending before Magistrate Scott.  The parties were scheduled to appear before Magistrate Scott on April 2, 2026, on all three disputes, in an Informal Discovery Conference.  The day before the hearing, Magistrate Scott vacated the Informal Discovery Conference, citing the parties' collective 400+ pages of briefing and exhibits and the need for additional time to review the materials.  (DE-155.)  The Informal Discovery Conference was rescheduled to April 6, 2026.  If the disputes cannot be resolved at that time, the parties will be forced to file noticed motions.  Even if the disputes can be resolved, the resolution may require additional written discovery responses and/or document productions to be prepared.

Relatedly, Defendants anticipate that Plaintiffs will also pursue a separate motion to compel regarding a dispute about the scope of Defendants' discovery obligations related to Plaintiffs' Section 1430 claim, which would commence the pre-motion informal discovery procedures all over again. (Ho Dec., ¶ 12.)

In short, despite the parties' diligence and cooperation in meeting and conferring and resolving discovery disputes over the life of the case, a handful of discovery disputes remain, which will likely result in subsequent supplemented responses and final document productions, requiring an additional 60-90 days to resolve.

***3.  The Class Member Opt-Out Deadline Recently Passed, and Defendants May Need to Depose Certain Class Members.***

The opt-out deadline only recently expired a few weeks ago on March 16, 2026.  Prior to that date, Defendants could not confirm the identities of the class

PETRULLO, APC
EL SEGUNDO
CORPORATE TRIAL LAWYERS

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO AMEND SCHEDULING ORDER

members who would remain in the case.  On March 4, 2026, just 12 days before the opt-out period closed, the parties were still engaging in additional discovery to confirm who is and who is not a subclass member, including the production of arbitration logs and admission versus discharge dates from Defendants' electronic database.  (Ho Dec., ¶¶ 13–14.)

The recently passed opt-out deadline and completion of confirmatory discovery is significant because once the class members are concrete, Defendants anticipate filing a motion to compel limited absent class discovery.  (*Id.*, ¶ 15.) Specifically, Defendants will be seeking sample depositions regarding Defendants' potential defenses amenable to summary judgment related to the CLRA claim and/or Section 1430(b) claim.  (*Id.*)

Sample depositions or, in the alternative, written discovery or Court-approved questionnaires will be critical to Defendants' ability to mount an adequate defense.  Defendants could not reasonably have begun scheduling or conducting these depositions, serving discovery, or issuing questionnaires before the opt-out deadline passed, because until that date, the universe of class members had not been finalized.  With the current fact discovery cutoff set for April 17, 2026—barely one month after the opt-out deadline—it is simply not feasible for Defendants to identify the relevant class members, seek an order from this Court compelling absent class discovery (which Plaintiffs oppose, necessitating Court intervention), and, assuming such relief is granted, coordinate deposition schedules, issue proper notice, and conduct depositions of multiple individuals in such a compressed timeframe, or—even if the Court is only inclined to grant Court-approved questionnaires—finalize such questionnaires, send them, and ensure adequate responses are returned.  Limited absent class discovery alone provides another independent basis for amending the scheduling order.

PETRULLO, APC
EL SEGUNDO
CORPORATE TRIAL LAWYERS

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO AMEND SCHEDULING ORDER

### 4.    The Parties' Experts Necessitate Additional Fact Discovery Given the Court's Certification Order.

Throughout class certification briefing, the Parties' experts, Charlene A. Harrington, Ph.D. and John R. Bowblis, Ph.D., tendered differing opinions about whether Defendants Gordon Lane and Country Oaks were "sufficiently staffed." These competing opinions will continue to develop as the Parties prepare for summary judgment and trial.  In forming their opinions about sufficient staffing— and about the methodology for making such a determination—both experts refer to and rely on state and federal staffing regulations.[1]  Pursuant to these regulations and consistent with Defendants' right to pursue all available defenses to Plaintiffs' claims, Defense expert Dr. Bowblis will need to evaluate and assess the individual care needs of residents to ensure compliance with relevant state and federal nursing service staffing requirements.  *See* 22 C.C.R. § 72329.1 ("Skilled nursing facilities shall employ and schedule additional staff as needed to ensure quality resident care based on the needs of individual residents and to ensure compliance with all relevant state and federal staffing requirements."); 42 C.F.R. § 483.35 ("The facility must have sufficient nursing staff with the appropriate competencies and skills sets to provide nursing and related services to assure resident safety and to attain or maintain the highest practicable physical, mental, and psychosocial well-being of each resident, as determined by resident assessments and individual plans of care . . . .").

Further development of Dr. Bowblis' opinions, now that the subclass members can be identified, will entail additional fact discovery for evidence and a factual evaluation of whether these specific residents' needs were met or,

---

[1] *See e.g.*, Declaration of John R. Bowblis, Ph.D. (DE-135-2 at 9:20–23) ("As the Harrington Declaration clearly points out, skilled nursing facilities are required to adhere to 42 C.F.R. § 483.35 at the federal level and Cal. Code of Regs. Title 22, § 72329.2 at the state level."); Declaration of Charlene A. Harrington, Ph.D. (DE-133-2 at 25:3–29:15).

10

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO AMEND SCHEDULING ORDER

alternatively, whether any of the subclass members' needs went unmet because nursing care was missed or omitted.  Additional fact discovery is necessary to permit the expert to prepare his opinions and to refute the elements of Plaintiffs' claims including causation and damages.

Additionally, Defendants recently retained a new administrator expert in March 2026.  This expert needs time to review the available fact discovery to evaluate whether there is sufficient evidence on which to rely for the opinions or to determine whether additional fact discovery is required.  Now that the subclass members can be identified, the new expert may require additional discovery specific to these members.  (Ho Dec., ¶ 16.)

### 5.    *The Pending Departure of Defendants' Lead Counsel Requires an Extension to the Discovery Schedule.*

Defendants' lead counsel, Kailin Ho, recently announced her departure from her current law firm, effective April 10, 2026.  (Ho Dec., ¶ 17.)  This necessitates Defendants' new lead counsel to familiarize themselves with the factual and legal issues, assess what discovery has been completed and what remains, and then execute on any outstanding discovery obligations within less than two weeks.  (*Id.*, ¶ 18.)  Ms. Ho's departure was unexpected and only became known to Defendants in the past few days.  The interests of justice require that Defendants be entitled to adequate time for their new lead counsel to ensure that a full factual record has been developed in order to prepare Defendants' defenses for summary judgment and, if necessary, trial.

### B.    Defendants Have Acted Diligently

Defendants have not been dilatory in discovery.  Throughout this litigation, Defendants have actively driven discovery forward, including propounding offensive discovery, producing tens of thousands of pages of documents, producing their corporate designees for 30(b)(6) depositions, and responding to

PETRULLO, APC
EL SEGUNDO
CORPORATE TRIAL LAWYERS

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO AMEND SCHEDULING ORDER

multiple sets of interrogatories, requests for production of documents, and requests for admissions served by Plaintiffs.  (Ho Dec., ¶¶ 2–13, 19.)

The need for a continuance arises not from any lack of diligence on Defendants' part, but from the natural progression of this complex, consolidated class action, the recent addition of a new expert, and the recent unexpected departure of Defendants' lead counsel.  Discovery in this matter has been extensive and ongoing since late 2022.  The scheduling order has been amended multiple times as the case has evolved through motion practice on class certification and related issues.  The current scheduling order was prepared by the parties the day after class certification, before merits discovery was in full swing and before the parties had a complete understanding of the scope of the class or class discovery targeted at the brand new subclasses.  Evolving discovery since class certification—especially since the opt-out deadline passed on March 16, 2026—shows that the case continues to burgeon and require additional discovery.

Notably, Plaintiffs do not oppose an extension in principle but merely disagree about the length of time needed to finish fact discovery.  (Ho Dec., ¶ 20.) The parties' mutual need for an amended scheduling order is driven by recent developments—specifically, Plaintiffs' latest rounds of document requests, Defendants' outstanding written discovery, the recent closing of the opt-out period, the need for confirmatory discovery regarding class membership, and the addition of new experts who will rely on additional fact discovery—all of which require additional time that the current schedule simply does not afford.

### C.    No Prejudice Will Result from the Requested Continuance.

Granting the requested continuance will not result in prejudice to Plaintiffs. As noted above, Plaintiffs do not oppose an extension of the discovery cutoff in principle (and therefore the subsequent dates in the scheduling order) because both parties will benefit from additional time to complete discovery.  Plaintiffs themselves have continued to serve new sets of discovery requests as recently as

PETRULLO, APC
EL SEGUNDO
CORPORATE TRIAL LAWYERS

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO AMEND SCHEDULING ORDER

March 4, 2026.  Moreover, the underlying claims in this case involve alleged statutory violations at skilled nursing facilities during a defined class period that has already closed; the passage of additional months before trial will not materially affect the parties' ability to litigate those claims.

Amendments to scheduling orders in class action litigation are routinely granted where, as here, the complexity and volume of discovery justify additional time.  The interests of justice are best served by allowing the parties adequate opportunity to conduct thorough discovery and to prepare their respective cases, rather than rushing to trial on an artificially compressed timeline that would prejudice the ability of both sides to fairly present their evidence.

**IV.   CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion and amend the Scheduling Order to continue the fact discovery cutoff from April 17, 2026 to December 17, 2026, the pretrial conference from October 23, 2026 to June 25, 2027, and the trial date from November 9, 2026 to July 12, 2027, or such other dates as the Court deems appropriate.  Defendants further request that all other deadlines tied to the discovery cutoff, pretrial conference, and trial date be adjusted accordingly.

Dated: April 6, 2026                               Respectfully submitted,

**PETRULLO, APC**

By: /s/ John Patrick Petrullo

JOHN PATRICK PETRULLO, ESQ.
RONALD F. GARI, ESQ.
KAILIN HO, ESQ.
Attorneys for Defendants

PETRULLO, APC
EL SEGUNDO
CORPORATE TRIAL LAWYERS

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO AMEND SCHEDULING ORDER

**RILEY SAFER HOLMES & CANCILA LLP**

By: _____

Jennifer Steeve, Esq.
Madeline Hooks, Esq.
Attorneys for Defendants

PETRULLO, APC
EL SEGUNDO
CORPORATE TRIAL LAWYERS

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO AMEND SCHEDULING ORDER

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**      )
                               ) ss.
**COUNTY OF LOS ANGELES**    )

       I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.

       My business address is RILEY SAFER HOLMES & CANCILA LLP, 100 Spectrum Center Dr., Ste 650, Irvine, CA 92618.

       On April 6, 2026 I served the foregoing document described as: **NOTICE OF MOTION AND MOTION TO AMEND SCHEDULING ORDER** on the interested parties in this action by placing a true copy thereof as follows:

Kathryn Ann Stebner, Esq.
Karman Marie Guadagni, Esq.
Brian S. Umpierre, Esq.
Stebner Gertler & Guadagni, A Professional Law Corporation
870 Market St, Ste 1285
San Francisco, CA 94102-2918
kathryn@sgg-lawfirm.com; brian@sgg-lawfirm.com;
karman@sgg-lawfirm.com; john@sgg-lawfirm.com;
deena@sgg-lawfirm.com; leslie@sgg-lawfirm.com;
kelsey@sgg-lawfirm.com; ann@sgg-lawfirm.com;
scott@sgg-lawfirm.com; andi@sgg-lawfirm.com
*Attorneys for Plaintiff*

**[X]** (**BY ELECTRONIC MAIL**) On the above-referenced interested parties in accordance with the telephonic consent to electronic service of said interested parties.  I transmitted, by electronic mail, the above referenced document to the above-referenced interested parties, at which said parties consented to accept electronic service.  The transmission indicated that it was sent without error.  I caused said document(s) to be sent via electronic mail to the email addressee(s) listed above from my email address: maindesk@petrullolaw.com.

       Executed on April 6, 2026, at Irvine, California.

(**By California law**) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

                         *Haley Hynes*
                         _____
                         Haley Hynes

PETRULLO, APC
EL SEGUNDO
CORPORATE TRIAL LAWYERS

15

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO AMEND SCHEDULING ORDER