UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **8:22-cv-01790-WLH-KES** | Date | August 31, 2026 |
| Title | ***Gail Parrish et al v. Gordon Lane Healthcare, LLC et al*** | | |

| | |
|---|---|
| Present: The Honorable | WESLEY L. HSU, United States District Judge |

| | |
|---|---|
| Claudia Garcia-Marquez | None |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE CLASS ACTION FAIRNESS ACT JURISDICTION AND WITHDRAW DOCKET ENTRY [203] – PROOF OF SERVICE [210]**

On its own motion, and for the reasons below, the Court orders the parties to show cause with respect to Class Action Fairness Act jurisdiction and **VACATES** all calendared motions hearings. Furthermore, Defendants' Motion to Withdraw Docket Entry 203 – Proof of Service is **GRANTED**.

## I. CLASS ACTION FAIRNESS ACT JURISDICTION

Federal courts are courts of limited jurisdiction, only possessing power authorized by the Constitution and statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A civil action "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The burden of establishing that a court has jurisdiction over a cause of action rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377. Under the Class Action Fairness Act ("CAFA"), the proponent of federal jurisdiction bears the burden of establishing removal

jurisdiction. *Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

Federal courts have original jurisdiction over class actions under CAFA when four prerequisites are satisfied. First, the amount in controversy must exceed the sum or value of $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2). Second, there must be "minimal diversity," which is met when diversity of citizenship exists between at least one plaintiff and one defendant. 28 U.S.C. § 1332(d)(2); *see Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022 (9th Cir. 2007). Third, the primary defendants must not be States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief. 28 U.S.C. § 1332(d)(5)(A). Fourth, the number of members of all proposed plaintiff classes in the aggregate must be at least 100. *Id.* § 1332(d)(5)(B).

CAFA also incorporates both mandatory and discretionary exceptions to a court's exercise of jurisdiction over class actions, however. *Id.* § 1332(d). The mandatory exceptions include the "local controversy" and the "home-state controversy" exceptions, pursuant to § 1332(d)(4). Additionally, a district court may decline to exercise jurisdiction under CAFA's discretionary exception, pursuant to § 1332(d)(3).

Under § 1332(d)(4), district courts *must* decline to exercise jurisdiction when either the "local controversy" or the "home-state controversy" exception applies. *See Serrano*, 478 F.3d at 1022. The local controversy exception applies when the following three conditions are met:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

> (I) [G]reater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed; (II) at least 1 defendant is a defendant – (aa) from whom significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of the State in which the action was originally filed; and (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4)(A). The local controversy exception only applies if "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C.§ 1332(d)(4)(A)(ii).

The home-state controversy exception applies when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).

Additionally, district courts may decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(3), "in the interests of justice and looking at the totality of the circumstances" when "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." District courts consider several factors, including whether:

> (A) []the claims asserted involve matters of national or interstate interest; (B) [] the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States; (C) [] the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction; (D) [] the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the

> defendants; (E) [] whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and (F) [] during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3).

Here, Plaintiff alleges that primary Defendants Sun Mar Management Services ("Sun Mar Management"), Gordon Lane Healthcare LLC ("Gordon Lane") and Country Oaks Partners LLC ("Country Oaks") are citizens of California.[1] (Consolidated Compl., Docket No. 121 ¶ 3-8). Plaintiff seeks to represent a class of "persons who resided in (or continue to reside in) the California skilled nursing unit" of Gordon Lane and Country Oaks (Order RE Plaintiffs' Amended Motion for Certification of Subclasses, Docket No. 143 at 12). Because the primary Defendants are citizens of California and it is likely that more than two-thirds of the proposed classes are residents of California, CAFA's home-state controversy and/or local controversy exception appear to apply, stripping this Court of jurisdiction. The Court therefore **ORDERS** both parties to show case as to why the case should not be remanded for lack of subject matter jurisdiction.

## II. WITHDRAWAL OF DOCKET ENTRY 203 – PROOF OF SERVICE

On August 19, 2026, Defendants Country Oaks Partners, LLC, Gordon Lane Healthcare, LLC, and Sun Mar Management Services ("Corporate Defendants") filed a Motion to Withdraw Docket Entry 203 – Proof of Service ("Motion to Withdraw Proof of Service"). Dkt. 210. Defendants' "intended to file their Proof of Service through the

[1] For purposes of removal, "the citizenship of defendants sued under fictitious names [here, Does 1-150] shall be disregarded." 28 U.S.C. § 1441.

Court's CM/ECF electronic filing system" but "the Proof of Service was inadvertently docketed as a motion and calendared for hearing on September 18, 2026." Motion at 2. No party opposes the request. This request is therefore **GRANTED**.

## III. CONCLUSION

The Court, *sua sponte*, orders Defendant to show cause in writing no later than October 2, 2026, why the Court has subject matter jurisdiction notwithstanding the home-state controversy and/or local controversy exception, 28 U.S.C. § 1332(d)(4), and, additionally, why the Court should not, even if neither exception applies, exercise its discretion pursuant to 28 U.S.C. § 1332(d)(3) and decline jurisdiction. Plaintiff may also file materials related to subject matter jurisdiction on or before the same date. Failure to respond as ordered will result in the Court declining to exercise jurisdiction and remanding the action to state court for further proceedings. The Court will hear arguments regarding jurisdiction in-person at the First Street Courthouse, Courtroom 9B, on October 16, 2026, at 1:30 p.m.

The Court VACATES the following hearings:

- Defendants' Motion to Decertify Four Subclasses (Dkt. 200) calendared for September 25, 2026;
- Defendants' Motion for Summary Judgement calendared for October 16, 2026 (Dkt. 192); and
- The below motions calendared for December 4, 2026:
    - Motion to Exclude the Testimony and Opinions of Defendants Experts Dr. John Bowblis and Kimberli Poppe-Smart (Dkt. 195).
    - Motion to Exclude the Expert Opinions and Testimony of Christopher Cherney (Dkt. 196).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

- Motion to Exclude the Expert Opinions and Testimony of Valerie J. Gray (Dkt. 197).
- Motion to Exclude the Expert Testimony and Opinions of Lindsay Petitte, CPA (Dkt. 198).
- Motion in Limine to Bar Damages Model (Dkt. 201).

Additionally, the Court **GRANTS** Corporate Defendants' Motion to Withdraw Proof of Service and **VACATES** the related hearing calendared for September 18, 2026.

**IT IS SO ORDERED.**